**EXHIBIT 1**

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

------------------------------------- x

OXFORD AVIATION, INC.,

        Plaintiff,

v.

CONSTELLATION BRANDS, INC.,

        Defendant.

Civil Action No.

------------------------------------- x

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Constellation Brands, Inc. ("CBI"), by and through its attorneys Nixon Peabody LLP, submits this Notice of Removal and respectfully states as follows.

**I.    BACKGROUND**

1.    On or about October 30, 2008, Plaintiff Oxford Aviation, Inc. ("Oxford") filed a Complaint in the Superior Court of the State of Maine, Oxford County against CBI seeking declaratory judgment.

2.    True and correct copies of the Summons and Complaint served upon CBI are attached hereto as <u>Exhibit A</u>.

3.    This lawsuit arises out of an agreement between CBI's subsidiary Constellation Leasing, LLC ("Constellation Leasing") and Oxford pursuant to which Oxford agreed to refurbish the interior of a Dassault-Breguet Mystere Falcon 900B, S/N055, fixed wing multi-

12284515.4

1

engine airplane, FAA No. N117SF, ("the Aircraft") owned by Constellation Leasing. See Complaint at ¶ 3.

4. During the course of performing the interior work, in an attempt to install a table in the starboard rear cabin, Oxford damaged the pressure vessel of the Aircraft, causing punctures of the pressure vessel into the right landing gear wheel well ("pressure vessel damage"), requiring considerable repair work. Oxford also failed to complete all its work, requiring CBI and Constellation Leasing to incur expenses to finish the job.

5. Constellation Leasing, having lost confidence in Oxford, elected to have the pressure vessel damage, that is the subject of this lawsuit, repaired by another vendor, together with additional work Oxford did not complete of which CBI and Constellation Leasing were aware as of October 2008.

6. Oxford then brought this anticipatory lawsuit through which it does not apparently contest liability for the pressure vessel damage to the Aircraft but seeks, *inter alia*, a declaration that CBI had an obligation to mitigate its damages, and a request that, if CBI refused to allow Oxford the opportunity to itself repair the damages, CBI be awarded no damages.

## II. JURISDICTIONAL BASIS FOR REMOVAL

7. The Court has jurisdiction over this removed action pursuant to 28 U.S.C. § 1441 because this action originally could have been filed in this Court pursuant to 28 U.S.C. § 1332. Specifically, and as described fully below, this Court has subject matter jurisdiction over this action because there is the requisite diversity of citizenship between the plaintiff and the defendant, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

A.   **Diversity of Citizenship**

8.   Plaintiff Oxford is a Maine corporation with a principal place of business in Oxford, Maine. See Complaint at ¶1.

9.   Defendant CBI is a Delaware corporation with a principal place of business in Fairport, New York. See Complaint at ¶2.

10.   Because there is complete diversity of citizenship between plaintiff and defendant, the requisite diversity of citizenship is satisfied.

B.   **Amount in Controversy**

11.   This Court's jurisdictional minimum, an amount in controversy in excess of $75,000, was satisfied at the time of the filing of this action, and remains satisfied. It is well-settled that, in actions seeking declaratory or injunctive relief, "the amount in controversy is measured by the value of the object of the litigation." See, e.g., Hunt v. Washington State Apple Advertising Comm'n, 432 U.S. 333, 347-48 (1977) (stating that "in actions seeking declaratory or injunctive relief it is well established that the amount in controversy is measured by the value of the object of the litigation"); Young & Co. v. Leventhal, 389 F.3d 1, 3 (1st Cir. 2004) ("Courts have repeatedly held that the value of the matter in controversy is measured not by the monetary judgment which the plaintiff may recover but by the judgment's pecuniary consequences to those involved in the litigation."); Doughty v. Hyster New Eng., Inc., 344 F. Supp. 2d 217, 219 (D. Me. 2004) (an appropriate measure for determining the amount of controversy in an action is the "litigation value of the case, an amount arrived at by drawing all reasonable inferences in favor of the Plaintiff's Complaint").

12.   In the instant declaratory judgment action, the "the object of the litigation," and thus, the amount in controversy, is the amount of damages Oxford seeks to avoid, arising from

the pressure vessel damage. In other words, if the Court were to find in Oxford's favor and grant its prayer of relief, including its request for a declaration that CBI is entitled to "no damages," as a result of the pressure vessel damage, Oxford would benefit in an amount far in excess of $75,000 because those damages include:

   a.  The diminished value of the aircraft associated with the pressure vessel damage, approximately $525,000;

   b.  The cost to repair the pressure vessel damage and the completion of unfinished interior installation items discovered through October 2008, $26,959.02 plus applicable sales tax;, $26,959.02 plus applicable sales tax;

   c.  The costs to charter a replacement aircraft while repairs were being made to the Aircraft, $9,206.62;

   d.  Out-of-pocket costs associated with the pressure vessel damage repair, $2,317.19;

   e.  Internal crew time spent on the pressure vessel damage repair, $5,250.00; and

   f.  Additional damages including, for example, loss of use, repairs for faulty and poor work yet to be discovered, and other damages to be determined.[1]

See Affidavits of Paul E. Middlebrook and Charles F. ("Mickey") Dalton, attached hereto as Exhibits B and C; see also Marchesseault v. Jackson, 611 A.2d 95, 98-99 (Me. 1992) (upholding the District Court's award of cost of repair and diminution of value damages when plaintiff would not otherwise be made whole).

### III.  REMOVAL IS TIMELY

13.   Oxford filed this lawsuit on or about October 30, 2008. CBI was served with the Summons and Complaint on November 6, 2008. See Exhibit A. This Notice of Removal is,

---

[1] CBI intends to file a compulsory counterclaim pursuant to Fed. R. Civ. P. 13(a) in this action seeking affirmative relief for the above-referenced damages, plus costs and attorneys' fees.

12284515.4

4

therefore, timely under 28 U.S.C. § 1446(b). The real party in interest, Constellation Leasing, was not sued nor served in this lawsuit.

## IV.   VENUE

14. The United States District Court for the District of Maine is the appropriate court for filing a Notice of Removal from the Cumberland County Superior Court because it is the District embracing the place where the state court action is pending. See 28 U.S.C. § 1441(a).

## V.   REMOVAL PROCEDURES

15. This action is now removable pursuant to 28 U.S.C. § 1441(a). This Notice of Removal is being timely filed pursuant to 28 U.S.C. § 1446(d). A copy of this notice is being served on all counsel of record and will be filed in the Oxford County Superior Court promptly after the filing of this Notice of Removal.

16. By filing this Notice of Removal, CBI does not waive any defenses that may be available to it and does not concede that the allegations in the Complaint state a valid claim under applicable law.

Respectfully submitted,

CONSTELLATION BRANDS, INC.

By and through its counsel,

NIXON PEABODY LLP

Dated: December 5, 2008

By: /s/ Courtney Q. Brooks
Courtney Q. Brooks (Maine Bar No. 004028)
900 Elm St.
Manchester, NH 03101
(603) 628-4023
cbrooks@nixonpeabody.com

*OF COUNSEL:*

Richard A. McGuirk
Nixon Peabody, LLP
Clinton Square
P.O. Box 31051
Rochester, New York 14603-1051
Telephone: (585) 263-1000
rmcguirk@nixonpeabody.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above document was served upon the attorney of record for Oxford Aviation, Inc., Gavin G. McCarthy, by first class mail on December 5, 2008.

/s/ Courtney Q. Brooks

*recused 01/16/08 at 9pm*
*hef*
*1:15 p.m.*

## STATE OF MAINE

| SUPERIOR COURT | | DISTRICT COURT |
|---|---|---|
| Oxford_____, ss. | | Location_____ |
| Docket No. CV-08-080 | | Docket No._____ |

Oxford Aviation, Inc.          Plaintiff

v.                                              **SUMMONS**

Constellation Brands, Inc.     Defendant
370 Woodcliff Dr., Suite 300   Address
Fairport, NY  14450

The Plaintiff has begun a lawsuit against you in the (District) (Superior) Court, which holds sessions at (street address) 20 Western Avenue,_____, in the Town/City of South Paris_____, County of Oxford_____, Maine. If you wish to oppose this lawsuit, you or your attorney **MUST PREPARE AND SERVE A WRITTEN ANSWER** to the attached Complaint **WITHIN 20 DAYS** from the day this Summons was served upon you. You or your attorney must serve your Answer, by delivering a copy of it in person or by mail to the Plaintiff's attorney, or the Plaintiff, whose name and address appear below. You or your attorney must also file the original of your Answer with the court by mailing it to the following address: Clerk of (District) (Superior) Court, _____
P.O. Box 179_____, So. Paris_____, Maine 04281__
(Mailing Address)                    (Town, City)                    (Zip)
before, or within a reasonable time after, it is served.

### IMPORTANT WARNING

**IF YOU FAIL TO SERVE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU IN YOUR ABSENCE FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR EMPLOYER MAY BE ORDERED TO PAY PART OF YOUR WAGES TO THE PLAINTIFF OR YOUR PERSONAL PROPERTY, INCLUDING BANK ACCOUNTS AND YOUR REAL ESTATE MAY BE TAKEN TO SATISFY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS LAWSUIT, DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.**

If you believe the plaintiff is not entitled to all or part of the claim set forth in the Complaint or if you believe you have a claim of your own against the Plaintiff, you should talk to a lawyer. If you feel you cannot afford to pay a fee to a lawyer, you may ask the clerk of court for information as to places where you may seek legal assistance.

(Seal of Court)

Date: November 4, 2008

_Sally A. Bourget_
Clerk

Gavin G. McCarthy, Esq.
(Attorney for) Plaintiff
Pierce Atwood LLP
One Monument Square, Portland, ME 04101     Address
207-791-1100                                  Telephone

CV-030, Rev. 09/97

STATE OF MAINE                           SUPERIOR COURT
OXFORD, ss                               DOCKET NO.

| | |
|---|---|
| OXFORD AVIATION, INC., <br><br> Plaintiff <br><br> v. <br><br> CONSTELLATION BRANDS, INC., <br><br> Defendant | COMPLAINT |

NOW COMES Plaintiff, Oxford Aviation, Inc. ("Oxford"), and states as its complaint against Constellation Brands, Inc. ("Constellation"), as follows:

1. Oxford is an aviation painting and interior maintenance company. It is a Maine corporation with its principal place of business in Oxford, Maine.

2. Constellation is a liquor distribution company with a principal place of business in New York.

3. Constellation and Oxford entered into a contract pursuant to which Oxford would do certain interior work on a plane owned by Constellation.

4. Oxford removed the interior of the plane and transported it to Maine to do the work.

5. After completing the work, Oxford returned the completed interior to New York and reinstalled it into the plane.

6. In the course of completing the reinstallation, Oxford is alleged to have made several small punctures through the plane's pressure seal.

7. Oxford has made arrangements to have the punctures fully and completed repaired.

{W1193734.1}                                  1

8. Constellation has indicated that it intends to have another supplier assess and repair the punctures.

## COUNT I – DECLARATORY JUDGMENT

9. Oxford repeats and realleges the foregoing.

10. Oxford and Constellation entered into a contract.

11. Oxford has the right under the contract to complete any necessary repairs at its own cost.

12. Constellation has a duty to mitigate any damages by allowing Oxford to complete any necessary repairs at its own cost

WHEREFORE, Oxford demands judgment in its favor pursuant to 14 M.R.S.A. §§ 5951, *et seq.*, declaring that Oxford has the right under the contract to effect any necessary repairs to the plane at its own cost and, should Constellation refuse to allow Oxford that opportunity, Constellation is entitled to no damages. Oxford further demands its costs and any other relief that this Court deems just and appropriate.

Dated this 30th day of October 2008.

*(signature)*

Gavin G. McCarthy, Bar No. 9540

Pierce Atwood LLP
One Monument Square
Portland, ME 04101
(207)-791-1100

*Attorneys for Oxford Aviation, Inc.*

{W1193734.1}

2

This summary sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by the Maine Rules of Court or by law. This form is required for the use of the Clerk of Court for the purpose of initiating or updating the civil docket. (SEE INSTRUCTIONS ON REVERSE)

**I.** County of Filing or District Court Jurisdiction: Oxford

**II.** CAUSE OF ACTION   (Cite the primary civil statutes under which you are filing, if any.)   *Pro se* plaintiffs: If unsure, leave blank.
14 M.R.S.A § 5951 et seq.

**III.** NATURE OF FILING
- ☒ Initial Complaint
- ☐ Third-Party Complaint
- ☐ Cross-Claim or Counterclaim
- ☐ If Reinstated or Reopened case, give original Docket Number _____
  (If filing a second or subsequent Money Judgment Disclosure, give docket number of first disclosure)

**IV.** ☐ TITLE TO REAL ESTATE IS INVOLVED

**V.** MOST DEFINITIVE NATURE OF ACTION.   (Place an X in one box only)   *Pro se* plaintiffs:   If unsure, leave blank.

### GENERAL CIVIL (CV)

| Personal Injury Tort | Contract | Other Forfeitures/Property Libels |
|---|---|---|
| ☐ Property Negligence | ☐ Contract | ☐ Land Use Enforcement (80K) |
| ☐ Auto Negligence | Declaratory/Equitable Relief | ☐ Administrative Warrant |
| ☐ Medical Malpractice | ☐ General Injunctive Relief | ☐ HIV Testing |
| ☐ Product Liability | ☒ Declaratory Judgment | ☐ Arbitration Awards |
| ☐ Assault/Battery | ☐ Other Equitable Relief | ☐ Appointment of Receiver |
| ☐ Domestic Torts | Constitutional/Civil Rights | ☐ Shareholders' Derivative Actions |
| ☐ Other Negligence | ☐ Constitutional/Civil Rights | ☐ Foreign Deposition |
| ☐ Other Personal Injury Tort | Statutory Actions | ☐ Pre-action Discovery |
| Non-Personal Injury Tort | ☐ Unfair Trade Practices | ☐ Common Law Habeas Corpus |
| ☐ Libel/Defamation | ☐ Freedom of Access | ☐ Prisoner Transfers |
| ☐ Auto Negligence | ☐ Other Statutory Actions | ☐ Foreign Judgments |
| ☐ Other Negligence | Miscellaneous Civil | ☐ Minor Settlements |
| ☐ Other Non-Personal Injury Tort | ☐ Drug Forfeitures | ☐ Other Civil |

### CHILD PROTECTIVE CUSTODY (PC)
☐ Non-DHS Protective Custody

### SPECIAL ACTIONS (SA)
Money Judgments
☐ Money Judgment Request for Disclosure

### REAL ESTATE (RE)

| Title Actions | Foreclosure | Misc. Real Estate | |
|---|---|---|---|
| ☐ Quiet Title | ☐ Foreclosure for Non-pmt (ADR exempt) | ☐ Equitable Remedies | ☐ Nuisance |
| ☐ Eminent Domain | ☐ Foreclosure - Other | ☐ Mechanics Liens | ☐ Abandoned Roads |
| ☐ Easements | ☐ Trespass | ☐ Partition | ☐ Other Real Estate |
| ☐ Boundaries | ☐ Trespass | ☐ Adverse Possession | |

### APPEALS (AP) (To be filed in Superior Court)   (ADR exempt)
☐ Governmental Body (80B)   ☐ Administrative Agency (80C)   ☐ Other Appeals

**VI.** M.R.Civ.P. 16B Alternative Dispute Resolution (ADR):
☐ I certify that pursuant to M.R.Civ.P. 16B(b), this case is exempt from a required ADR process because:
- ☐ It falls within an exemption listed above (i.e., an appeal or an action for non-payment of a note in a secured transaction).
- ☐ The plaintiff or defendant is incarcerated in a local, state or federal facility.
- ☐ The parties have participated in a statutory prelitigation screening process with _____
  (name of neutral) on _____ (date).
- ☐ The parties have participated in a formal ADR process with _____ (name of neutral)
  on _____ (date).
- ☐ This is a Personal Injury action in which the plaintiff's likely damages will not exceed $30,000, and the plaintiff requests an exemption from ADR.

CV-001, Rev. 01/02

VII. (a) ☒ PLAINTIFFS (Name & Address including county)
or ☐ Third-Party, ☐ Counterclaim or Cross-Claim Plaintiffs
☐ The plaintiff is a prisoner in a local, state or federal facility.

Oxford Aviation, Inc.
75 Number Six Road
P.O. Box 990
Oxford, County of Oxford, ME 04270

(b) Attorneys (Name, Bar number, Firm name, Address, Telephone Number)
(If *pro se* plaintiff, leave blank)

Gavin G. McCarthy, Bar No. 9540
Pierce Atwood LLP
One Monument Square
Portland, ME 04101
207-791-1100

If all counsel listed do NOT represent all plaintiffs specify who the listed attorney(s) represent.

VIII. (a) ☒ DEFENDANTS (Name & Address including county)
and/or ☐ Third-Party, ☐ Counterclaim or ☐ Cross-Claim Defendants
☐ The defendant is a prisoner in a local, state or federal facility.

Constellations Brands, Inc.
370 Woodcliff Drive, Suite 300
Fairport, NY 14450

(b) Attorneys (Name, Bar number, Firm name, Address, Telephone Number)
(If known)

If all counsel listed do NOT represent all defendants, specify who the listed attorney(s) represent.

IX.   RELATED CASE(S) IF ANY

Assigned Judge/Justice                                            Docket Number

Date: October 30, 2008

Gavin G. McCarthy, Bar No. 9540
Name of Lead Attorney of Record or *Pro se* Party

*[signature]*

Signature of Attorney or *Pro se* Party

c:

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

------------------------------------ x
:
OXFORD AVIATION, INC.,                  :
:
Plaintiff,             :
:
v.                               :   Civil Action No.
:
CONSTELLATION BRANDS, INC.,             :
:
Defendant.             :
:
:
:
:
:
:
------------------------------------ x

### AFFIDAVIT OF PAUL MIDDLEBROOK

I, Paul Elton Middlebrook, hereby depose and say as follows:

1.  I am an individual residing in Penn Yan, New York. I am over the age of 18 and of sound mind and body.

2.  For the last 4 ½ years, I have served as the Aviation Manager and as Vice President for Defendant Constellation Brands, Inc.'s ("CBI") subsidiary Constellation Leasing, LLC ("Constellation Leasing"). In addition, before becoming a direct employee of Constellation Leasing, CBI and/or Constellation Leasing were my clients for approximately eighteen (18) years.

3.  I have been in the aviation business for approximately forty (40) years. I am a Federal Aviation Administration ("FAA") licensed airline transport pilot, airplane multiengine land and rotorcraft-helicopter pilot. I also hold a number of FAA commercial privileges. I am a FAA certified airframe and power plant mechanic as well as an airplane single engine, multi-engine and rotorcraft-helicopter flight instructor. I hold the following FAA Type Ratings: BH-

206, CE-500, DA-10, DA-50.

4. I hold a Bachelor of Science degree from Clarkson University, having graduated in 1968.

5. Among other airplanes, Constellation Leasing owns a Dassault-Breguet Mystere Falcon 900B, S/N 055, fixed wing multi-engine airplane, FAA No. N117SF, ("the Aircraft"). I was personally involved in the purchase of the Aircraft.

6. In June 2008, Constellation Leasing and Oxford entered into an agreement whereby Oxford agreed to refurbish the interior of the Aircraft. During the course of performing the interior work, Oxford punctured the pressure vessel in the passenger compartment causing significant damage to the Aircraft ("pressure vessel damage") requiring considerable repair work.

7. Constellation Leasing, having lost confidence in Oxford, elected to have the pressure vessel damage repaired by another vendor, StandardAero. As discussed more fully below, I was intimately involved in setting up, supervising and approving the performance of the pressure vessel damage repair work.

8. Constellation Leasing incurred to date $26,959.02 (plus sales tax) in direct costs associated with StandardAero's repair of the pressure vessel damage and completion of unfinished interior installation items.

9. As mentioned above, I was, along with my colleague Ken Bricker, involved in setting up, supervising and approving the performance of the pressure vessel damage repair work. Ken and I spent an combined total of approximately 70 hours in this regard, costing Constellation Leasing approximately $5,250.00 in labor hours and $2,317.19 in additional out-of-pocket expenses.

10. Further, CBI was required to charter a replacement aircraft while the pressure vessel damage repair work was performed, the cost of which was $9,206.62.

11. Thus, based on information known at this time, and not including $10,850.00 which Constellation Leasing held back from payment of the original Oxford Agreement, CBI and Constellation Leasing have incurred $33,793.56 in damages directly associated with the cost of repairing the pressure vessel damage and for unfinished work.

12. In addition to the above and the accelerated depreciation in value to the Aircraft that occurred as a result of the pressure vessel damage, there may be additional items of damage related to the pressure vessel incident and interior completion of which CBI is not presently aware and also additional damages associated with poor performance of Oxford's work.

FURTHER AFFIANT SAYETH NOT.

Dated: December 5, 2008

/s/ Paul E. Middlebrook
Paul E. Middlebrook

THE STATE OF CALIFORNIA
COUNTY OF NAPA

Then personally appeared on this 5th day of December, 2008, the above named Paul E. Middlebrook and acknowledged the foregoing statement to be true to the best of his personal knowledge and belief, before me.

/s/ Toni Dwyer
Notary Public

12290384.1                                3

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

---

OXFORD AVIATION, INC.,

    Plaintiff,

v.

CONSTELLATION BRANDS, INC.,

    Defendant.

Civil Action No.

---

## AFFIDAVIT OF CHARLES F. ("MICKEY") DALTON

I, Charles F. ("Mickey") Dalton, hereby depose and say as follows:

1. I am an individual residing in Auburn, New York. I am over the age of 18 and of sound mind and body.

2. I have been in the aviation business since 1962 and have been a Federal Aviation Administration ("FAA") licensed pilot since that time.

3. I have worked in general aviation since 1968. Since 1982, I have been principally in the business of advising clients on the investment potential for particular aircraft and have been exclusively performing this type of work since 1988. Defendant Constellation Brands, Inc. ("CBI") together with its subsidiary Constellation Leasing LLC ("Constellation Leasing") have been my clients for approximately eighteen (18) years.

4. In my business, I am regularly involved in, among other things, purchasing and selling aircraft on my clients' behalf. This work includes going out into the marketplace to find, among all airplanes for sale, the one that represents the best value to my clients in terms of

12290384.1

1

condition, engine hours, damage history (if any), equipment installation, modifications, etc. In other words, I work to make sure my clients get the most for their money. Accordingly, I have many years of personal experience valuing aircraft. Additionally, I regularly advise my clients on the types of modifications they could or should make to planes they already own in order to maximize the aircraft's value.

5.   Often, when I am involved in purchasing an aircraft for my clients, I oversee the inspection of the aircraft and evaluate the inspection results for investment potential. Thus, I regularly have occasion to evaluate the relative depreciation or loss in value associated with different types of repairs.

6.   I also regularly and continuously monitor the aircraft market both to find potential investment opportunities and to ensure that my clients' previously owned aircraft are properly insured.

7.   In August of 2006, I worked with CBI and Constellation Leasing in connection with the purchase by Constellation Leasing of a Dassault-Breguet Mystere Falcon 900B, S/N 055, fixed wing multi-engine airplane, FAA No. N117SF, ("the Aircraft") for approximately $17 million dollars. I was also previously involved in purchasing a Dassault-Breguet Mystere Falcon 900EX aircraft on behalf of Constellation Leasing.

8.   During my work with Constellation Leasing, I was also involved in the inspection of the Aircraft, which took nearly three (3) months. This included my evaluation of the inspection report to assess the investment potential associated with Constellation Leasing's purchase of the Aircraft.

9.   Subsequent to Constellation Leasing's purchase of the Aircraft in August, 2006, the Aircraft's value appreciated to $18 million due to general market interest in this type of plane

12290384.1

2

(a Dassault-Breguet Mystere Falcon 900B), given its relative fuel efficiency compared to similar airplanes in its class. In fact, I reviewed market listings in early 2008 and found approximately nine (9) other Dassault-Breguet Mystere Falcon 900Bs for sale, of which only one (1) was listed below $20 million and the remaining ones were listed at or above $20 million.

10. In early 2008, based on market interest in the Falcon 900B, I worked with CBI and Constellation Leasing to increase the insured value of the Aircraft to $18,450,000 based on my review of comparative sales and the value of improvements that Constellation Leasing had made to the Aircraft since purchase.

11. In June 2008, Constellation Leasing and Oxford entered into an agreement whereby Oxford agreed to refurbish the interior of the Aircraft. I worked with Constellation Leasing during Oxford's performance of the interior work.

12. During the course of performing the interior work, in an attempt to install a table in the starboard rear cabin, Oxford damaged the pressure vessel of the Aircraft, causing punctures of the pressure vessel into the right landing gear wheel well ("pressure vessel damage"), requiring considerable repair work. After discovery of the pressure vessel damage, I personally inspected the Aircraft and made careful note of the damage caused by Oxford's attempt to install the table. Additionally, I regularly consulted with Constellation Leasing during the pressure vessel damage repair process and am intimately familiar with the nature and quality of the pressure vessel damage repairs.

13. As mentioned above, in early 2008, the value of the Aircraft was $18,450,000. I estimate that the Aircraft's market value may have decreased approximately five-percent (5%) based on recent market conditions, and my specific experience in the aircraft market in the last few months. Thus, without the pressure vessel damage, the Aircraft (or a comparable Dassault-

Breguet Mystere Falcon 900B without pressure vessel damage) would likely be worth approximately $17,500,000 on the open market at the present time.

14. In my opinion, and based on my over twenty (20) years experience valuing aircraft, evaluating the investment potential of aircraft for clients, and my direct and personal experience with the Aircraft in this case, the pressure vessel damage Oxford caused, directly and proximately resulted in a further three-percent (3%) accelerated depreciation in value (i.e., a 3% loss in the value) to the Aircraft. Therefore, the Aircraft with the repaired pressure vessel damage is worth approximately $16,975,000. In other words, the value of the Aircraft has diminished in the amount of approximately $525,000.

FURTHER AFFIANT SAYETH NOT.

Dated: December 5, 2008

/s/ Charles F. Dalton
Charles F. ("Mickey") Dalton

THE STATE OF WISCONSIN
COUNTY OF DANE

Then personally appeared on this 5th day of December, 2008, the above named Charles F. ("Mickey") Dalton and acknowledged the foregoing statement to be true to the best of his personal knowledge and belief, before me.

/s/ Judith Wissbaum
Notary Public