**EXHIBIT 3**

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| OXFORD AVIATION, INC., <br><br> Plaintiff <br><br> v. <br><br> CONSTELLATION BRANDS, INC., and CONSTELLATION LEASING LLC <br><br> Defendants. | Case No. 2:08-cv-419 <br><br> **MOTION TO AMEND COMPLAINT** |

NOW COMES Plaintiff, Oxford Aviation, Inc. ("Oxford"), and moves, pursuant to F.R.C.P. 15(a)(2) and this Court's Scheduling Order, for leave to amend its complaint to add an additional party and to add a new count arising from the same transaction. In support thereof, Oxford states as follows:

1. In spring and summer 2008, Oxford agreed to before certain work on a plane in the Constellation family.

2. On October 24, 2008, Constellation Brands sent a letter to Oxford asserting that certain damage had been done to the plane and informing Oxford that Constellation Brands intended to have another supplier "assess and repair the damage." A true and accurate copy of the letter is attached hereto as Exhibit A.

3. On October 30, 2008, Oxford filed a complaint in Maine Superior Court against Constellation Brands, seeking a declaratory judgment of the proper amounts due under the contract between Oxford and Constellation.

4. Constellation Brands removed to this Court on December 5, 2008.

5. In its notice of removal, Constellation Brands asserted that the owner of the plane is actually Constellation Leasing, a subsidiary of Constellation Brands.

{W1251702.1}                             1

6. Because Constellation Brands is the entity that asserted that it would be effecting repairs to the plane, but Constellation Leasing is apparently the owner of the plane, it is not clear without discovery which party is the correct party. It is possible, in fact, that both parties are correct for different purposes.

7. On December 9, 2008, Constellation Leasing filed an identical lawsuit to this one in United States District Court for the Western District of New York, notwithstanding that the parties' contract provides that the exclusive venue for disputes is Maine and that this lawsuit was already pending.

8. Rule 15(a)(2) provides that this Court should "freely give leave [to amend] when justice so requires." Leave to amend should be given here because Constellation Brands created the confusion about the proper party by asserting that it, not Constellation Leasing, was the company that would be making repairs to the plane. Nor will either Constellation entity be prejudiced, since Constellation Leasing is a wholly owned subsidiary of Constellation Brands, which has been actively litigating this case. The amendment to add a second count is added solely for clarity, the relief being sought – a correct assessment of all contractual damages due from one party to the other – is the same as before.

9. Constellation does not consent to this motion, and states that it intends to file a 12(c) motion seeking to dismiss the suit against Constellation Brands.

WHEREFORE, Oxford requests leave to amend its complaint and to file the amended complaint attached hereto as Exhibit B.

Dated this 23rd day of December 2008.

/s/ Gavin G. McCarthy
Gavin G. McCarthy, Bar No. 9540

Pierce Atwood LLP
One Monument Square
Portland, ME 04101
(207)-791-1100

*Attorneys for Oxford Aviation, Inc.*

{W1251702.1}

3

EXHIBIT A



Constellation

Constellation Brands, Inc.
370 Woodcliff Drive, Suite 300
Fairport, New York 14450
Phone: 585-218-3600
Fax: 585-218-3601

October 24, 2008

Oxford Aviation, Inc.
75 No. 5 Road
Box 990
Oxford, Maine 04270

Attention: James L. Horowitz

Re: Damage to Aircraft 117SF

Dear Mr. Horowitz:

As you are aware, while performing remodeling work on the Aircraft, in the process of installing a table, your workers punctured the seal on the passenger compartment of the Aircraft, causing significant damage to the Aircraft (the "Damage"). We are in the process of evaluating the extent of necessary repairs and the cost of repairing the Damage.

We intend to have another supplier assess and repair the Damage, and complete the remodeling work.

We have notified our insurance carrier, AIG Aviation, Inc., of the Damage and the circumstances under which it was caused. We suggest that you also notify your insurance carrier of the incident. We would appreciate your providing us the name and contact information for your insurer to speed resolution of this issue.

If you have any questions, please contact me. In the future, please direct all communications about this issue to my office.

Very truly yours,

CONSTELLATION BRANDS, INC.

By: Thomas J. Mullin
Executive Vice President, General Counsel

TJM/cay
cc: Liesha Petrovich (via e-mail)

EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| OXFORD AVIATION, INC.,<br><br>  Plaintiff<br><br>v.<br><br>CONSTELLATION BRANDS, INC., and<br>CONSTELLATION LEASING LLC<br><br>  Defendants. | Case No. 2:08-cv-419<br><br>**AMENDED COMPLAINT** |

NOW COMES Plaintiff, Oxford Aviation, Inc. ("Oxford"), and states as its complaint against Constellation Brands, Inc. ("Constellation Brands"), and/or Constellation Leasing LLC ("Constellation Leasing") (collectively, "Constellation"), as follows:

1. Oxford is an aviation painting and interior maintenance company. It is a Maine corporation with its principal place of business in Oxford, Maine.

2. Constellation Brands is a producer and marketer of beverage alcohol with a principal place of business in New York.

3. Constellation Leasing is subsidiary of Constellation Brands. Constellation Leasing is a New York corporation with its principal place of business in New York.

4. Constellation and Oxford entered into a contract pursuant to which Oxford would do certain interior work on a plane owned by Constellation.

5. Oxford removed the interior of the plane and transported it to Maine to do the work.

6. After completing the work, Oxford returned the completed interior to New York and reinstalled it into the plane.

7. In the course of completing the reinstallation, Oxford is alleged to have made several small punctures through the plane's pressure seal.

{W1251685.1}

1

Case 6:08-cv-06558-CJS-JWF    Document 12-7    Filed 04/17/09    Page 7 of 8
Case 2:08-cv-00419-DBH    Document 9-3    Filed 12/23/2008    Page 2 of 3
EXHIBIT B

8. Oxford has made arrangements to have the punctures fully and completed repaired.

9. Constellation had another supplier assess and repair the punctures.

10. Constellation has not paid Oxford the approximately $20,000 balance due under the contract.

## COUNT I – DECLARATORY JUDGMENT

11. Oxford repeats and realleges the foregoing.

12. Oxford and Constellation entered into a contract.

13. Oxford has the right under the contract to complete any necessary repairs at its own cost.

14. Constellation has a duty to mitigate any damages by allowing Oxford to complete any necessary repairs at its own cost

## COUNT II – BREACH OF CONTRACT

15. Oxford repeats and realleges the foregoing.

16. Oxford and Constellation entered into a contract.

17. Oxford completed its work under the contract.

18. Constellation breached that contract by not paying Oxford the approximately $20,000 balance due under the contract.

WHEREFORE, Oxford demands judgment in its favor pursuant to 14 M.R.S.A. §§ 5951, *et seq.*, declaring that Oxford has the right under the contract to effect any necessary repairs to the plane at its own cost and, should Constellation refuse to allow Oxford that opportunity, Constellation is entitled to no damages. Oxford further demands judgment in its favor on Count II, together with Oxford its costs and any other relief that this Court deems just and appropriate.

EXHIBIT B

Dated this 23rd day of December 2008.

/s/ Gavin G. McCarthy
Gavin G. McCarthy, Bar No. 9540

Pierce Atwood LLP
One Monument Square
Portland, ME 04101
(207)-791-1100

*Attorneys for Oxford Aviation, Inc.*

{W1251685.1}                                              3