**EXHIBIT 4**

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x
                                                                :
OXFORD AVIATION, INC.,                                          :
                                                                :
                 Plaintiff,                                     :
                                                                :
                                                                :  Civil Action No. 2:08-cv-419
          v.                                                    :
                                                                :  OBJECTION TO MOTION
CONSTELLATION BRANDS, INC.,                                     :  TO AMEND COMPLAINT
                                                                :  AND INCORPORATED
                 Defendant.                                     :  MEMORANDUM OF LAW
                                                                :
                                                                :
                                                                :
                                                                :
                                                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x
```

NOW COMES Defendant Constellation Brands, Inc. ("CBI"), by and through its

attorneys Nixon Peabody LLP, and respectfully objects to Plaintiff Oxford Aviation, Inc.'s

("Oxford's") Motion to Amend Complaint. In support thereof, CBI states as follows:

## I.    RELEVANT BACKGROUND FACTS AND PROCEDURAL HISTORY

1.    This lawsuit arises out of Oxford's failure to perform, in a skillful and

workmanlike manner, certain repair work on a Dassault-Breguet Mystere Falcon 900B, fixed

wing multi-engine airplane, S/N 055, FAA No. N117SF ("the Aircraft") owned by Constellation

Leasing, LLC ("Constellation Leasing"), a subsidiary of Defendant CBI.

2.    Specifically, during the course of performing the interior work, in an attempt to

install a table in the starboard rear cabin, Oxford damaged the pressure vessel of the Aircraft,

causing punctures of the pressure vessel into the right landing gear wheel well ("pressure vessel

damage"), requiring considerable repair work and resulting in a significant diminution in the

value of the Aircraft. See Complaint at ¶ 6; see also Notice of Removal (Doc. No. 1) at ¶¶ 4.

Oxford caused the pressure vessel damage in New York.

3.    After causing the pressure vessel damage to the Aircraft, and rather than engaging in discussions to resolve this issue informally, on or about October 30, 2008, Oxford raced to the Oxford County Superior Court house to file this lawsuit against CBI in an effort to clothe itself a plaintiff in an apparent attempt to gain a home-court advantage (hereinafter "the Maine Action"). CBI subsequently removed the Maine Action to this Court on or about December 5, 2008.[1]

4.    Oxford's race to the courthouse was for naught, however, because Oxford's claim suffers from a fatal defect in that it names as the only defendant CBI, which does not own the Aircraft that is the subject of this lawsuit.  See also CBI's Motion for Judgment on the Pleadings or in the Alternative For Transfer of Venue to the Western District of New York or For Stay.

5.    Nearly two months after Oxford filed this anticipatory suit against CBI, and only after CBI's counsel brought the matter to Oxford's attention, on December 23, 2008, Oxford brought this Motion to Amend Complaint in attempt to cure its defective lawsuit by seeking the Court's leave to amend its Complaint to add as a Defendant Constellation Leasing, the true owner of the Aircraft.

6.    In the interim, however, on December 9, 2008, Constellation Leasing, the true party in interest, filed an action against Oxford in the United States District Court for the Western District of New York (the "New York Action")[2], the judicial district encompassing the

---

[1]  In its Complaint filed on October 30, 2008, Oxford seeks a declaration from this Court, *inter alia*, that:

- "[CBI] has a duty to mitigate any damages by allowing Oxford to complete any necessary repairs at its own cost";

- "Oxford has the right under the contract to effect any necessary repairs to the plane at its own cost and, should [CBI] refuse to allow Oxford that opportunity, Constellation is entitled to no damages."

Complaint at p. 2. Through its Motion to Amend, Oxford additionally seeks to recover $20,000, an amount it claims is due to it under a breach of contract theory. See Exhibit B to Motion to Amend at ¶¶15-18.

[2]  Oxford asserts in its Motion to Amend that the parties are bound by a choice of venue provision that would require Constellation Leasing to bring suit in Maine.  Significantly, Oxford has not, and indeed cannot, produce any written *(Footnote continued on next page)*

counties in which both Constellation Leasing and its parent CBI reside. In the New York Action,

Constellation Leasing seeks to recover from Oxford damages arising from the pressure vessel

damage Oxford caused to the Aircraft under breach of contract, breach of warranty and

negligence theories.

      7.     For the reasons stated below, and as detailed in CBI's Motion for Judgment on the

Pleadings or in the Alternative For Transfer of Venue to the Western District of New York or

For Stay, filed contemporaneously herewith and incorporated herein by reference, this Court

should deny Oxford's Motion to Amend.

## II.    APPLICABLE LEGAL STANDARD

      8.     In support of its motion, Oxford casually cites the oft-stated provision of Federal

Rule of Civil Procedure 15(a)(2) which provides that leave to amend should be given "freely"

when "justice so requires."

      9.     What Oxford fails to acknowledge, is that, where, as here, a proposed amended

complaint would be futile, this Court may deny leave to amend. See, e.g., Carlo v. Reed Rolled

Thread Die Co., 49 F.3d 790, 792 (1st Cir. 1995) (noting "a court has the discretion to deny [a

motion to amend] if it believes that, as a matter of law, amendment would be futile").

## III.    ARGUMENT

      10.    First and most importantly, leave to amend would be futile in this case because

CBI has a pending Motion for Judgment on the Pleadings or in the Alternative For Transfer of

Venue to the Western District of New York or For Stay.

---

*(Footnote continued from previous page)*

contract signed by both parties containing an enforceable forum selection clause that would bind Constellation
Leasing to assert its claims against Oxford in Maine.

11.    Specifically, this Court should deny Oxford leave to amend its Complaint to add

Constellation Leasing as a party, and a new cause of action for breach of contract, because there

is already pending in the Western District of New York, a first-filed lawsuit involving

Constellation Leasing and Oxford and the pressure vessel damage. See, e.g., Cianbro Corp. v.

Curran-Lavoie, Inc., 814 F.2d 7, 11 (1st Cir. 1987) ("Where identical actions are proceeding

concurrently in two federal courts, entailing duplicative litigation and a waste of judicial

resources, the first filed action is generally preferred in a choice-of-venue decision."); TPM

Holdings, Inc. v. Intra-Gold Indus., Inc., 91 F. 3d 1, 4 (1st Cir. 1996) ("[w]here the overlap

between the two suits is nearly complete, the usual practice is for the court that first had

jurisdiction to resolve the issues and the other court to defer."); SW Industries, Inc. v. Aetna

Casualty & Surety Co., 653 F. Supp. 631, 634 (D.R.I. 1987) ("The preference for the first-filed

action is not a per se rule, but rather a policy governed by equitable considerations: 'the forum

where an action is first filed is given priority over subsequent actions, unless there is 'a showing

of balance of convenience in favor of the second action,' or there are special circumstances

which justify giving priority to the second'") (citing Gemco Latinoamerica, Inc. v. Seiko Time

Corp., 623 F. Supp. 912, 916 (D.P.R. 1985)).

12.    This Court should reject any attempt by Oxford to argue that it is the natural

plaintiff and that its choice of forum is entitled to some measure of deference. Indeed, it was

only after CBI's general counsel and Constellation Leasing's Vice President and Assistant

Secretary, Thomas J. Mullin, Esq., contacted Oxford in an attempt to informally resolve the

pressure vessel damage that Oxford opportunistically raced to the courthouse in an effort to try to

secure a home court advantage as the "first-filed" plaintiff. Because its lawsuit against CBI is

nothing more than an "anticipatory suit", its selection of venue is entitled to no deference under

the first-to-file rule or otherwise. See, e.g., Feinstein v. Brown, 304 F. Supp. 2d 279, 283 (D.R.I. 2004) ("When the first-filed action is the result of a preemptive 'race to the courthouse' a court may allow a later-filed case to proceed in place of the first-filed action) (citing Cianbro Corp. 814 F.2d at 11). Here, Oxford reacted to Mr. Mullin's October 24, 2008 letter by filing this lawsuit, thereby unfairly depriving Constellation Leasing of the first-filed benefit of choosing its own venue.

13.     Further, the Western District of New York is the more appropriate and convenient forum for a lawsuit regarding the pressure vessel damage because CBI and Constellation Leasing are located in New York, the Aircraft is located in New York, the pressure vessel damage occurred in New York, and many of the witnesses will be located in New York as will most of the evidence relevant to this dispute. See 28 U.S.C. § 1391(a); 28 U.S.C. § 1404(a); see also CBI's Motion for Judgment on the Pleadings or in the Alternative For Stay or For Transfer of Venue to the Western District of New York at pp. 6 - 8.

14.     Finally, Oxford will not suffer any substantial prejudice if this Court were to deny it leave to amend its Complaint because it has not yet filed a responsive pleading in the New York Action as a result of its requests for an adjournment and it can assert in that action, by way of a counterclaim, its claims for declaratory relief and for breach of contract. In addition, discovery has not yet begun in either action.

WHEREFORE, CBI respectfully requests that this Court:

A.     Deny Oxford's Motion to Amend Complaint; and

B.     Grant CBI's Motion for Judgment on the Pleadings or in the Alternative For Transfer of Venue to the Western District of New York or For a Stay; and

C.     Award such other and further relief as justice requires.

Respectfully submitted,

CONSTELLATION BRANDS, INC.

By and through its counsel,

NIXON PEABODY LLP

Dated: March 17, 2009

By: /s/ Courtney Q. Brooks
Courtney Q. Brooks (Maine Bar No. 004028)
900 Elm St.
Manchester, NH 03101
(603) 628-4023
cbrooks@nixonpeabody.com

*OF COUNSEL:*

Richard A. McGuirk
Nixon Peabody, LLP
Clinton Square
P.O. Box 31051
Rochester, New York 14603-1051
Telephone: (585) 263-1000
rmcguirk@nixonpeabody.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above document was served upon the attorney of record for Oxford Aviation, Inc., Gavin G. McCarthy, through the court's ECF system on March 17, 2009.

/s/ Courtney Q. Brooks

12433100.2                    6