**EXHIBIT 5**

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

------------------------------------ x

OXFORD AVIATION, INC.,

        Plaintiff,

v.

CONSTELLATION BRANDS, INC.,

        Defendant.

------------------------------------ x

Civil Action No. 2:08-cv-419

**MOTION FOR JUDGMENT ON THE PLEADINGS OR IN THE ALTERNATIVE FOR A TRANSFER OF VENUE TO THE WESTERN DISTRICT OF NEW YORK OR FOR A STAY AND INCORPORATED MEMORANDUM OF LAW**

NOW COMES Defendant Constellation Brands, Inc. ("CBI"), by and through its attorneys Nixon Peabody LLP, and pursuant to Federal Rules of Civil Procedure 12(c) and 28 U.S.C. § 1404, respectfully submits this Motion for Judgment on the Pleadings, Or In The Alternative For Transfer Of Venue To The Western District of New York, Or For A Stay. In support thereof, CBI states as follows:

## I.   INTRODUCTION

This lawsuit arises out of Plaintiff Oxford Aviation, Inc.'s ("Oxford's") failure to perform, in a skillful and workmanlike manner, certain repair work on a Dassault-Breguet Mystere Falcon 900B, fixed wing multi-engine airplane, S/N 055, FAA No. N117SF ("the Aircraft") owned by Constellation Leasing, LLC ("Constellation Leasing"), a subsidiary of CBI. Constellation Leasing is <u>not</u> a party to this lawsuit. (Though now that its mistake has been made plain, Oxford has moved to amend its complaint to add Constellation Leasing as a defendant.)

12331311.3                        1

Rather than engage in discussion to resolve this issue informally, Oxford raced to the state courthouse to file this lawsuit against CBI in an effort to clothe itself a plaintiff in an apparent attempt to gain a home-court advantage. Oxford's race to the courthouse was for naught, however, because Oxford's claim suffers from a fatal defect in that it names as the only defendant CBI, which does not own the Aircraft that is the subject of this lawsuit.

Oxford, therefore, can prove no set of facts in support of its claim that would entitle it to relief, and this Court should dismiss this lawsuit pursuant to Fed.R.Civ.P. 12(c). Alternatively, this Court may elect to transfer this lawsuit to the more appropriate venue of the Western District of New York, where it can be consolidated with a lawsuit pending between Constellation Leasing and Oxford regarding the damage Oxford caused, and where:

- both CBI and Constellation Leasing reside;
- the Aircraft is located; and
- where the damage Oxford caused to the Aircraft occurred.

As a last resort, this Court should stay this lawsuit pending resolution of the first-filed lawsuit involving the correct parties pending in the Western District of New York.[1]

## II.   RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

This lawsuit arises out of an agreement between Oxford and Constellation Leasing (not Defendant CBI) pursuant to which Oxford agreed to refurbish the interior of the Aircraft owned by Constellation Leasing (not Defendant CBI). See Complaint at ¶ 3; see also Affidavit of Paul E. Middlebrook ("Middlebrook Aff.") at ¶¶ 5-7 and Exs. A - B thereto. Under the agreement

---

[1] Where similar actions are proceeding concurrently in two federal courts, the first-filed action is generally preferred in choice-of-venue decisions. BMJ Foods Puerto Rico, Inc. v. Metromedia Steakhouses Co., 562 F.Supp. 2d 229, 233 (P.P.R. 2008) (citing Coady v. Ashcraft & Gerel, 223 F. 3d 1, 11 (1st Cir. 2000)) (granting defendant's motion to transfer under §1404(a)). In this case, Constellation Leasing as the true party in interest was the first to file a lawsuit against Oxford.

between Constellation Leasing and Oxford, Oxford agreed to substantially refurbish the interior of the Aircraft including the Aircraft's cockpit and the cabin. See Middlebrook Aff. at ¶ 6, Ex. B. The work Oxford was to perform under the agreement included, *inter alia*, stripping and reupholstering certain of the Aircraft's seats, removing and replacing the carpet in the cabin and cockpit areas, stripping and reupholstering the Aircraft's cabin window panels, refinishing cabinets in the cabin and lavatory area, installing new countertops, and placing a new table in the cabin area. See Id.

During the course of performing the interior work, in an attempt to install a table in the starboard rear cabin, Oxford damaged the pressure vessel of the Aircraft, causing punctures of the pressure vessel into the right landing gear wheel well ("pressure vessel damage"), requiring considerable repair work and resulting in a significant diminution in the value of the Aircraft. See Complaint at ¶ 6; see also Notice of Removal (Doc. No. 1) at ¶¶ 4. Oxford also failed to complete all its work, requiring Constellation Leasing to incur expenses to finish the job. Id. Constellation Leasing, having lost confidence in Oxford, elected to have the pressure vessel damage, that is the subject of this lawsuit, repaired by another vendor, together with additional work Oxford did not complete of which Constellation Leasing was aware as of October 2008. See Complaint at ¶ 8; Notice of Removal at ¶5.

In an effort to informally resolve the pressure vessel damage Oxford caused to the Aircraft, on October 24, 2008, Thomas J. Mullin, Constellation Leasing's Vice President and Assistant Secretary, and CBI's General Counsel, wrote to Oxford regarding the pressure vessel damage, asked Oxford to notify its insurance carrier of the incident, and requested that Oxford

provide him with the name and contact information for Oxford's insurer "to speed resolution of this issue." See Exhibit B to Oxford's Motion to Amend.[2]

Rather than respond to that request for information and invitation to a dialogue about the issue, on October 30, 2008, less than one week later, Oxford filed this anticipatory lawsuit against CBI in the Oxford County Superior Court. On December 5, 2008, CBI removed the case to this Court (the "Maine Action"). Oxford's Maine Action, however, suffers from at least one critical defect. Namely, it seeks declaratory relief against the wrong party: CBI. Specifically, as noted above, Constellation Leasing, not CBI, is the owner of the Aircraft that is the subject of the Maine Action. Middlebrook Aff., Ex. A.[3]

On December 9, 2008, Constellation Leasing, the true party in interest, filed an action against Oxford in the United States District Court for the Western District of New York (the "New York Action"), the judicial district encompassing the counties in which Constellation Leasing and its parent CBI reside. See New York Complaint attached hereto as Exhibit 1. In the New York Action, Constellation Leasing seeks to recover from Oxford damages arising from the pressure vessel damage Oxford caused to the Aircraft under breach of contract, breach of warranty and negligence theories. Id.

---

[2] Any attempt by Oxford to rely on this letter as evidence that it can prove a set of facts against CBI should be disregarded. This Court can certainly take judicial notice of the fact that its not uncommon for a general counsel of a parent corporation to engage in initial discussions regarding potential litigation involving its subsidiary. Moreover, as noted, in addition to serving as CBI's general counsel, Mr. Mullin additionally serves as Constellation Leasing's Vice President and Assistant Secretary.

[3] Indeed, Oxford itself recognized that its counterparty was Constellation Leasing and not CBI – Oxford sent its invoices to Constellation Leasing and not to CBI. See Middlebrook Aff. at ¶ 8, Ex. D.

12331311.3                                              4

## III. ARGUMENT

### A. CBI Is Entitled to Judgment Because Oxford Can Prove No Set of Facts In Support of Its Claim Against CBI.

Federal Rule of Civil Procedure 12(c) allows a party, "[a]fter the pleadings are closed but within such time as not to delay the trial, [to] move for judgment on the pleadings." Judgment on the pleadings, under Rule 12(c), should be entered if it appears beyond a doubt that the nonmoving party can prove no set of facts in support of its claim which would entitle it to relief. Feliciano v. Rhode Island, 160 F.3d 780, 788 (1st Cir. 1998) (citations omitted). In addition to the pleadings themselves, the Court may consider certain attachments to the pleadings without converting the motion into one for summary judgment. Shapiro v. Haenn, 190 F. Supp. 2d 64, 66 (D. Me. 2002) (citing Rubert-Torres ex rel. Cintron-Rubert v. Hospital San Pablo, Inc., 205 F.3d 472, 476 (1st Cir. 2000)). In addition, this Court may consider "documents the authenticity of which are not disputed by the parties; ... official public records; ... documents central to plaintiffs' claim; or ... documents sufficiently referred to in the complaint." Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993).

In this action, Oxford seeks a declaration from this Court, *inter alia*, that:

- "[CBI] has a duty to mitigate any damages by allowing Oxford to complete any necessary repairs at its own cost";
- "Oxford has the right under the contract to effect any necessary repairs to the plane at its own cost and, should [CBI] refuse to allow Oxford that opportunity, Constellation is entitled to no damages."

Complaint at p. 2. Oxford can prove no set of facts in support of its claim against CBI because CBI does not own the Aircraft. It is Constellation Leasing, not CBI, who suffered the damages that Oxford seeks to avoid. See Complaint at p. 2. Therefore, this Court should dismiss Oxford's Complaint against CBI pursuant to Fed.R.Civ.P. 12(c). See, e.g., Kropp ex rel. S.K. v. Me. Sch. Admin. Union # 44, 2007 U.S. Dist. LEXIS 11648 (D. Me. Feb. 16, 2007) (granting

union's summary judgment motion because union was wrong party); <u>Johnson v. Sch. Union # 107</u>, 295 F. Supp. 2d 106, 113 (D. Me. 2003) (same).

### B. Should This Court Decline to Dismiss, It Should Alternatively Transfer This Action to The Western District of New York.

In the unlikely event this Court declines to dismiss this action, it should transfer the case to the Western District of New York, where it can be consolidated with the first-filed action involving Constellation Leasing, the true owner of the Aircraft. Title 28 U.S.C. § 1404(a) provides that:

> [f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Further, in an action founded on diversity of citizenship, such as this, venue is proper

> <u>only</u> in (1) a judicial district <u>where any defendant resides</u>, if all defendants reside in the same State, (2) a judicial district in which a <u>substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated</u>. . . .

28 U.S.C. § 1391(a) (emphasis added). A transfer pursuant to 28 U.S.C. § 1404(a) lies within the discretion of this court. <u>Ahmed v. Mohammad</u>, Civil No. 08-257-P-H, 2008 U.S. Dist. LEXIS 80132, * 2 (D. Me. Oct. 1, 2008) (citing <u>Stewart Org., Inc. v. Ricoh Corp.</u>, 487 U.S. 22, 29 (1988)).

The factors for the Court to consider in exercising its discretion to transfer an action include: "the convenience of the parties and witnesses, the availability of documents, the order in which jurisdiction was obtained by the district court, and the possibilities of consolidation." <u>Ahmed</u>, 2008 U.S. Dist. LEXIS 80132 at * 2 (citing <u>Cianbro Corp. v. Curran-Lavoie, Inc.</u>, 814

F.2d 7, 11 (1st Cir. 1987)). All of the above-described factors weigh in favor of a transfer of this matter to the United States District Court for the Western District of New York.[4]

First and most importantly, the Western District of New York is a forum where this action could have and should have been brought. 28 U.S.C. § 1404(a); 28 U.S.C. § 1391(a)(1). Both Defendant CBI and Constellation Leasing are entities formed in New York with principal places of business in Ontario County, New York which lies within the Western District of New York. See Complaint at ¶ 2, Amended Complaint at ¶¶ 2-3; see also 28 U.S.C. § 1391(a)(1) (noting venue is proper only in "a judicial district where any defendant resides, if all defendants reside in the same State"). Of additional significance is the fact that the Aircraft owned by Constellation Leasing, and the subject of this litigation, is located in Monroe County, New York, which also lies within the Western District of New York. 28 U.S.C. § 1391(a)(2) (noting venue is proper "in a judicial district in which a . . . a substantial part of the property that is the subject of the action is situated"). Much of the work Oxford performed on the Aircraft was done in New York. See Complaint at ¶¶ 4-5. Most significantly, the pressure vessel damage, the "event or omission giving rise to the claim", occurred in New York. Id. at ¶ 5; see also § 1391(a)(2) (venue is additionally proper "in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred"). Thus, because CBI and Constellation Leasing are located in New York, the Aircraft is located in New York and the pressure vessel damage occurred in New York, the Western District of New York is the more appropriate forum for a

---

[4] This Court should reject any attempt by Oxford to argue that it is the natural plaintiff and that its choice of forum is entitled to some measure of deference. Indeed, as described herein, it was only after Attorney Mullin contacted Oxford in an attempt to informally resolve the pressure vessel damage that Oxford opportunistically raced to the courthouse in an effort to try to secure a home court advantage as the "first-filed" plaintiff. Because its lawsuit against CBI is nothing more than an "anticipatory suit" its selection of venue is entitled to no deference under the first-to-file rule or otherwise. See, e.g., Feinstein v. Brown, 304 F. Supp. 2d 279, 283 (D.R.I. 2004) ("When the first-filed action is the result of a preemptive 'race to the courthouse' a court may allow a later-filed case to proceed in place of the first-filed action) (citing Cianbro Corp., 814 F.2d at 11).

12331311.3                                          7

determination of this action because many, if not all, of the witnesses will be located in New York as will most of the evidence relevant to this dispute. Therefore, New York is a more convenient forum for this action. In addition, an order transferring this case would allow it to be consolidated with the first-filed action involving Constellation Leasing.

Finally, Oxford will not suffer any substantial prejudice if this case were transferred to the Western District of New York because a case is already pending in that District which is in its very early stages. Indeed, Oxford has not yet filed a responsive pleading in that action and Oxford could assert by way of a counterclaim its claims for declaratory relief and for breach of contract. In addition, discovery has not yet begun in either action.

### C. As a Last Resort, This Court Should Stay This Action Pending A Determination of the New York Action

If this Court declines to dismiss and to transfer, then it should stay this action pending a determination of the first-filed suit involving Constellation Leasing pending in the Western District of New York. See, e.g., TPM Holdings, Inc. v. Intra-Gold Indus., Inc., 91 F. 3d 1, 4 (1st Cir. 1996) ("[w]here the overlap between the two suits is nearly complete, the usual practice is for the court that first had jurisdiction to resolve the issues and the other court to defer.").

### IV. CONCLUSION

For the foregoing reasons, CBI respectfully requests that this Court grant its motion to dismiss, or alternatively transfer this action to the Western District of New York where an action filed by the true party in interest, Constellation Leasing, is pending against Oxford. As a last resort, this Court should stay this action while the New York Action is pending.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | CONSTELLATION BRANDS, INC. |
|  | By and through its counsel, |
|  | NIXON PEABODY LLP |
| Dated: March 17, 2009 | By: /s/ Courtney Q. Brooks<br>Courtney Q. Brooks (Maine Bar No. 004028)<br>900 Elm St.<br>Manchester, NH 03101<br>(603) 628-4023<br>cbrooks@nixonpeabody.com |

*OF COUNSEL:*

Richard A. McGuirk
Nixon Peabody, LLP
Clinton Square
P.O. Box 31051
Rochester, New York 14603-1051
Telephone: (585) 263-1000
rmcguirk@nixonpeabody.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above document was served upon the attorney of record for Oxford Aviation, Inc., Gavin G. McCarthy, through the court's ECF system on March 17, 2009.

/s/ Courtney Q. Brooks